ERNEST DuPONT, PETITIONER, ET AL.,[1] *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 58717, 58746, 58747, 58748, 58749, 58750, 58751.

Promulgated October 7, 1936.

*A. Calder Mackay, Esq.*, for the petitioners.
*Hartford Allen, Esq.*, for the respondent.

OPINION UPON RECONSIDERATION.

STERNHAGEN: Upon the respondent's motion for reconsideration of the opinion in 33 B. T. A. 643, the judgment of no transferee liability

---

[1] Proceedings of the following petitioners are consolidated herewith: Kathryn G. Peir; A. H. Peir; H. J. Barneston; Guy C. Earl, Jr.; Royal Miller; and Redondo Corporation.

was vacated and the merits of the issues reconsidered. The findings of fact appearing in the earlier report require no modification, and stand as the foundation for the present opinion.

The earlier opinion was based entirely upon the proposition that because the Air Reduction Co. had, after notice from the Commissioner, paid, under protest, the $14,976.55 deficiency of the Western Oxygen Co., with interest, and the Commissioner had not acted upon the claim for refund which had been simultaneously filed, the deficiency must be treated as having been paid and the liability of these petitioners thereby extinguished. After hearing both parties further upon this proposition, we think the earlier opinion was incorrect. The payment by the Air Reduction Co. was expressly made under protest and accompanied by a claim for refund on the ground that that corporation was not liable for the amount paid or any amount as transferee of the Oxygen Co.'s assets, since it was a purchaser for value. Clearly this was not a final discharge of the Oxygen Co.'s liability for the deficiency, and until it became so, either actually or presumptively, and the Reduction Co.'s right to recover determined, the Government's right to a proper collection of the deficiency was not foreclosed. The Commissioner's collection of a transferor's liability provisionally paid by a stranger or one who is otherwise not liable therefor does not discharge the liability or preclude its determination against the proper transferee. It is only a collection which discharges the obligation that can not be made twice. Until it appears from the evidence before the Board that there has been a complete discharge of the transferor's deficiency, the liability of the other alleged transferees must, upon their petition to the Board, be determined.

In this view of the question, the actual allowing or disallowing by the Commissioner of the Air Reduction Co.'s claim for refund is not material; for the duty to determine the liability of the remaining transferees upon their petition remains until the final discharge of the liability appears. The Commissioner can not, by voluntarily refunding to the Air Reduction Co., release it and fix the liability upon the others; nor can he, by withholding refund to the Air Reduction Co., establish its final liability and discharge the others. It is for this reason that the Commissioner's proffer, in his motion for rehearing, of evidence to prove that he has since the decision allowed the claim for refund, has been rejected.

We, therefore, hold, upon reconsideration, that the payment made by the Air Reduction Co. under protest and accompanied by a claim for refund, does not serve to discharge any liability which these petitioners might have and does not justify the earlier holding that they are not liable as transferees of the Oxygen Co. It thus be-

comes necessary to consider their transferee liability, irrespective of the payment by the Air Reduction Co. Since the Air Reduction Co. is not a party before the Board, no determination may be definitively made in this proceeding as to its liability.

The Oxygen Co. transferred its assets in one form to the Air Reduction Co. in exchange for some (16,000) of the Air Reduction Co. shares, such shares thus becoming the assets of the Oxygen Co. in another form. We may assume, in the absence of evidence to the contrary, that the 16,000 Air Reduction shares received were less than all the Air Reduction shares outstanding, and represented properties of the Air Reduction Co. other than the assets acquired from the Oxygen Co. This differentiates such cases as *Concrete Industries Co.*, 19 B. T. A. 655. In acquiring the assets, the Air Reduction Co. by its agreement appears to have assumed certain of the Oxygen Co.'s "obligations and liabilities", among which the subsequently accrued and accumulated Federal income tax was not included. Thus it would appear that the Air Reduction Co. was a purchaser for value, with no liability either at law or in equity for the payment of such tax.

Upon the receipt by the Oxygen Co. of the Reduction Co.'s shares it proceeded to sell 1,811 of those shares for $184,922.61, and thus, irrespective of the use to be made of such cash, it realized gain of $140,204.22. This the Commissioner determined, and we think, correctly.

In connection with the transaction disposing of its assets to the Air Reduction Co. the Oxygen Co. paid commissions of $36,765 and attorney fees of $1,500, which it deducted upon its return. These deductions the Commissioner correctly disallowed, *Odorono Co.*, 26 B. T. A. 1355; *Georgia, Florida & Alabama Railroad Co.*, 31 B. T. A. 1. Thus his determination of the entire deficiency of $14,976.55 in the 1929 tax of the Oxygen Co. is sustained. The petitioners were all of the shareholders of the Oxygen Co. after the transaction with the Reduction Co., and each received in the liquidation of the Oxygen Co.'s assets an amount in excess of the amount which respondent has determined as his transferee liability, leaving the Oxygen Co. without means to discharge its obligation for the deficiency. Under these circumstances the petitioners are clearly liable, jointly and severally, for the deficiency, and the determinations of the respondent must, therefore, be fully sustained.

Reviewed by the Board.

*Judgment will be entered for the respondent.*